UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Union Insurance Company, | ) | CASE NO. 1:21 CV 1706 |
| Plaintiff, | ) ) ) | JUDGE PATRICIA A. GAUGHAN |
| Vs. | ) ) | |
| Auto Owners Insurance Company, *et al.*, | ) ) | **Memorandum of Opinion and Order** |
| Defendants. | ) | |

### Introduction

This matter is before the Court upon the Motion to Dismiss of Defendant Mesa Underwriters Speciality Insurance Company (Doc. 7). This is an insurance case. For the reasons that follow, the motion is GRANTED.

### Facts

Plaintiff Union Insurance Company ("Plaintiff") filed this lawsuit against defendants Auto-Owners Insurance Company ("Auto-Owners") and Mesa Underwriters Specialty Insurance Company ("Defendant") to recover funds paid to defend the parties' insured in underlying

1

litigation.

For purposes of ruling on Defendant's motion to dismiss, the facts asserted in the complaint are presumed true.

On March 17, 2017, Megan Keefe suffered catastrophic injuries at Spirits Restaurant and Bar in Cleveland, Ohio. Her guardian brought a lawsuit in state court against multiple parties, including restaurant-owner Co-Op Warehouse Entertainment ("Co-Op Warehouse"), building-owner W.D. Downtown, Ltd. ("W.D. Downtown"), and property manager Dalad Realty Company ("Dalad").

Auto-Owners insured Co-Op Warehouse and further insured W.D. Downtown and Dalad as additional insureds. Plaintiff and Defendant also insured Dalad. It appears that Auto-Owners is the primary insurer, and Plaintiff and Defendant are excess insurers. (Doc. 8 at 336). Plaintiff's policy with Dalad subrogates Plaintiff to Dalad's rights with Defendant.

Auto-Owners accepted the defense of its insureds and assigned Craig Pelini to represent both W.D. Downtown and Dalad. Plainitff alleges that this dual representation "posed a conflict of interest." (Compl. ¶ 15). Plaintiff tendered Dalad's defense to Defendant, and Defendant informed Plaintiff that Auto-Owners had already accepted the defense. Plaintiff then asked Auto-Owners to provide separate counsel for Dalad. Auto-Owners ignored the request, and Plaintiff provided separate counsel for Dalad. The underlying litigation ultimately settled.

Plaintiff sought reimbursement from both Auto-Owners and Defendant for the fees Plaintiff incurred in providing a defense to Dalad. Both refused, and this lawsuit followed. Plaintiff originally filed this case in state court. Defendants removed the matter to this Court on the basis of diversity jurisdiction.

2

The complaint contains nine claims for relief. Counts one and two assert breach of contract against Auto-Owners and Defendant, respectively. Counts three and four seek declaratory judgments against Auto-Owners and Defendant, respectively. Courts five and six are unjust enrichment claims asserted against Auto-Owners and Defendant, respectively. Counts seven and eight assert claims for equitable contribution against Auto-Owners and Defendant, respectively, and count nine is a claim for bad faith asserted solely against Auto-Owners.

Defendant moves to dismiss the complaint in its entirety and Plaintiff opposes the motion.

**Standard of Review**

"Dismissal is appropriate when a plaintiff fails to state a claim upon which relief can be granted. Fed.R.Civ.P. 12(b)(6). We assume the factual allegations in the complaint are true and construe the complaint in the light most favorable to the plaintiff." *Comtide Holdings, LLC v. Booth Creek Management Corp.,* 2009 WL 1884445 (6th Cir. July 2, 2009) (citing *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir.2008) ). In construing the complaint in the light most favorable to the non-moving party, "the court does not accept the bare assertion of legal conclusions as enough, nor does it accept as true unwarranted factual inferences." *Gritton v. Disponett,* 2009 WL 1505256 (6th Cir. May 27, 2009) (citing *In re Sofamor Danek Group, Inc.*, 123 F.3d 394, 400 (6th Cir.1997). As outlined by the Sixth Circuit:

> Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the statement need only give the defendant fair notice of what the ... claim is and the grounds upon which it rests."*Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). However, "[f]actual allegations must be enough to raise a right to relief above the speculative level" and to "state a claim to relief that is plausible on its face." *Twombly,* 550 U.S. at 555, 570. A plaintiff must "plead[ ]

3

factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

*Keys v. Humana, Inc.*, 684 F.3d 605, 608 (6th Cir.2012). Thus, *Twombly* and *Iqbal* require that the complaint contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face based on factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Twombly*, 550 U.S. at 570; *Iqbal*, 556 U.S. at 678. The complaint must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555.

### Analysis

(1) Breach of Contract (Count Two)

Plaintiff alleges that it is subrogated to Dalad's rights against Defendant. Therefore, to the extent Defendant breached its policy ("Policy") with Dalad, Plaintiff may recover those damages as a subrogee. Defendant argues that the plain language in the Policy did not require it to provide separate counsel in the underlying litigation.

The Policy provides as follows:

When this insurance is excess, we will have no duty...to defend the insured against any 'suit' if any other insurer has a duty to defend the insured against that 'suit.' If no other insurer defends we will undertake to do so, but we will be entitled to the insured's rights against all those other insurers.

(Doc. 1-1 at 275).

Defendant points out that Plaintiff expressly alleges that Auto-Owners did, in fact, provide a defense to Dalad. Accordingly, Defendant's obligation under its Policy was never triggered. In response, Plaintiff argues that the dual representation amounted to "no defense"

4

because Dalad's interests were not sufficiently protected.

Upon review, the Court finds that Plaintiff fails to sufficiently plead a claim for breach of contract. Ohio courts interpret insurance policies according to the following standard:

> An insurance policy is a contract whose interpretation is a matter of law. When confronted with an issue of contractual interpretation, the role of a court is to give effect to the intent of the parties to the agreement. We examine the insurance contract as a whole and presume that the intent of the parties is reflected in the language used in the policy. We look to the plain and ordinary meaning of the language used in the policy unless another meaning is clearly apparent from the contents of the policy. When the language of a written contract is clear, a court may look no further than the writing itself to find the intent of the parties. As a matter of law, a contract is unambiguous if it can be given a definite legal meaning. Ambiguity in an insurance contract is construed against the insurer and in favor of the insured. This rule, however, will not be applied so as to provide an unreasonable interpretation of the words of the policy.

*Cincinnati Ins. Co. v. CPS Holdings, Inc.*, 875 N.E.2d 31, 33-34 (Ohio 2007).

In order to state a claim for relief, Plaintiff must sufficiently allege that Auto-Owners did not defend Dalad. Here, Plaintiff alleges that Auto-Owners provided dual representation and that the dual representation "posed a conflict of interest." But, Plaintiff wholly fails to allege sufficient *facts* supporting its claim that the dual representation amounted to a conflict of interest, let alone a conflict that rose to the level of the provision of "no defense."

Not all instances of dual representation give rise to a conflict of interest. Rather, the Ohio Rules of Professional Responsibility recognize that dual representation may be permissible. By way of example, Rule 1.7(a) provides that dual representation may be permitted unless the clients have "directly adverse" interests or there is a "substantial risk" that the lawyer will be materially limited in her ability to represent one client due to her obligations to the other client. And, even if the dual representation triggers Rule 1.7(a), Rule 1.7(b) provides a mechanism by which the representation may continue, provided certain requirements are met. Thus, the mere fact of dual

5

representation, standing alone, could not be considered the failure to provide a defense under Defendant's Policy.

Plaintiff relies on cases involving conflicts arising between the insurer and the insured. A conflict may arise where an attorney is paid by an insurer to defend an insured, but the insurer seeks to deny coverage. But even under those cases, courts have typically required plaintiff to show an actual (as opposed to a potential) conflict of interest. *See, e.g., State Farm Fire & Cas. Co. v. Pildner*, 321 N.E.2d 600, 603 (1974)(O'Neill, J. concurring), *overruled by Preferred Risk Inc. Co. v. Gill*, 507 N.E.2d 1118 (Ohio 1987)(conflict arose where insurer obtained information that insured acted intentionally, thus removing the claim from the scope of coverage); *Belcher v. Dooley*, 1988 WL 15647 (Oh. Ct. App. Feb. 16, 1988)("undeniable conflict" exists where insurer seeks to deny coverage because insured acted intentionally). *See also, Lusk v. Imperial Cas. & Indem. Co.*, 603 N.E.2d 420, 423 (Oh. Ct. App. 1992)(insurer need only pay for separate counsel when the insurer's reservation of rights "renders it impossible for the company to defend both its own interests and those of its insured.")[1].

Here, Plaintiff alleges only that Auto-Owners provided one attorney to represent two insureds.[2] There are no facts describing how or why this "dual representation" posed a conflict of interest, let alone one that rose to the level of "no defense." Nor are there any allegations that

---

[1] Plaintiff cites to *IMG Worldwide, Inc. v. Westchester Fire Ins. Co.*, 572 Fed.Appx. 402, 410 (6th Cir. July 15, 2014). That case, however, is not on point because it addressed a situation where the underlying insurer wholly denied coverage to the insured.

[2] Plaintiff alleges that the dual representation "posed a conflict of interest." The Court, however, need not accept this legal conclusion as true. *Columbia Nat. Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995).

Dalad voiced any concern over the representation or sought separate counsel from Auto-Owners. This is especially important because Plaintiff's breach of contract claim is based on its status as a subrogee. (Compl. ¶ 28). For these reasons, Plaintiff fails to state a claim for breach of contract.[3]

 (2) Remaining claims (Counts Four, Six, and Eight)

Although Defendant makes no separate arguments in favor of dismissal as to the remaining counts, the Court finds that dismissal is warranted for the reasons set forth above. Count four seeks a declaratory judgment based on the alleged provision of "conflicted" counsel. Moreover, with respect to count six (unjust enrichment) and count eight (equitable contribution), Plaintiff concedes in its brief that "the same conduct" that supports the breach of contract claim also supports these claims. Having failed to plead facts sufficient to support its breach of contract claim, Plaintiff also fails to sufficiently plead the remaining claims.

**Conclusion**

For the foregoing reasons, the Motion to Dismiss of Defendant Mesa Underwriters Speciality Insurance Company is GRANTED.

 IT IS SO ORDERED.

---

[3] Having concluded that Plaintiff fails to sufficiently allege a claim for breach of contract, the Court need not reach Defendant's argument that, as a matter of law, Auto-Owners provision of *any* attorney forecloses coverage under Defendant's Policy. Nor need the Court address Defendant's argument that Plaintiff's failure to allege the exhaustion of the limits under the Auto-Owners policy requires dismissal.

7

/s/ Patricia A. Gaughan
PATRICIA A. GAUGHAN
United States District Judge
Chief Judge

Dated: 11/22/21